UNITED STATES COURT OF INTERNATIONAL TRADE
Before the Honorable Timothy C. Stanceu

| | |
|---|---|
| Boomerang Tube LLC et al., <br><br> Plaintiffs, <br><br> v. <br><br> United States, <br><br> Defendant, <br><br> and <br><br> Jubail Energy Services Company and Duferco SA, <br><br> Defendant-Intervenors. | Consol. Court No. 14-00196 |

## JOINT STATUS REPORT AND PROPOSED BRIEFING SCHEDULE

Pursuant to Rule 56.2(a) of the Rules of the United States Court of International Trade, the parties in the above-captioned action submit the following Joint Status Report and Proposed Briefing Schedule.

## JOINT STATUS REPORT

The parties respond to the questions set forth in Rule 56.2(a) as follows:

**1.    Does the Court have jurisdiction over the action?**

Consolidated Plaintiffs and Defendant-Intervenors agree that the Court has exclusive jurisdiction over this action pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(ii) and 28 U.S.C. § 1581(c). Defendant is unaware of any basis upon which to challenge jurisdiction at this time.

**2.    Should the case be consolidated with any other case, or should any portion of the case be severed, and the reasons for such severance?**

The instant case is a consolidated appeal of the final determination issued by the Department of Commerce ("Commerce") in the antidumping duty investigation in <u>Certain Oil Country Tubular Goods from Saudi Arabia</u>, 79 Fed. Reg. 41,986 (Dep't Commerce July 18, 2014) (final determ.) ("Final Determination"), as amended in <u>Certain Oil Country Tubular Goods from Saudi Arabia</u>, 79 Fed. Reg. 49,051 (Dep't Commerce Aug. 19, 2014) (amended final determ.) ("Amended Final Determination"). On October 28, 2014, the Court ordered that the appeal in <u>United States Steel Corp. v. United States</u>, Court No. 14-201 be consolidated into the lead appeal in <u>Boomerang Tube LLC v. United States</u>, Consol. Court No. 14-196.

Defendant-Intervenors have filed a separate appeal of the Final Determination – <u>Jubail Energy Services Co. v. United States</u>, Court No. 14-219. In the Amended Final Determination, Commerce calculated a *de minimis* dumping margin for the sole mandatory respondent – i.e., Defendant-Intervenors Jubail Energy Services Company and Duferco SA. <u>Amended Final Determination</u>, 79 Fed. Reg. at 49,051. Because the dumping margin for the sole mandatory respondent was *de minimis*, Commerce reached a negative final determination and terminated its antidumping duty investigation. <u>Id.</u> Based on Commerce's findings in the Amended Final Determination, the International Trade Commission ("Commission") terminated its antidumping duty investigation into oil country tubular goods ("OCTG") from Saudi Arabia. <u>Certain Oil Country Tubular Goods from Saudi Arabia</u>, 79 Fed. Reg. 51,192 (Int'l Trade Comm'n Aug. 27, 2014).[1] It is the position of the United States, U. S. Steel, Boomerang Tube LLC, Energex Tube,

---

[1]    In addition to the instant consolidated appeal challenging Commerce's final negative determination, Plaintiff United States Steel Corporation ("U. S. Steel") has challenged the Commission's termination of the antidumping investigation into OCTG from Saudi Arabia in <u>United States Steel Corp. v. United States</u>, Court No. 14-232. If Plaintiffs prevail in their challenge to Commerce's final determination in the instant consolidated

2

TMK IPSCO, and Welded Tube USA Inc. that because the plaintiffs in Jubail Energy Services Co. v. United States, Ct. No. 14-219, have not suffered any injury, that case should be dismissed. The United States intends to move to dismiss that case, and U. S. Steel, Boomerang Tube LLC, Energex Tube, TMK IPSCO, and Welded Tube USA Inc. intend to support the motion to dismiss. As a result, it is the position of consolidated Plaintiffs and the United States that Defendant-Intervenors' appeal in Jubail Energy Services Co. v. United States, Court No. 14-219, should not be consolidated into the instant case.

Defendant-Intervenors take the position that because consolidated Plaintiffs have raised the sole issue of what is the appropriate CV profit rate to be used to calculate respondent Jubail Energy Services Company's ("JESCO") alleged dumping margin, Defendant-Intervenors' separate appeal in Court No. 14-219 should be consolidated with this proceeding, because Defendant-Intervenors' complaint raises the issue of whether Commerce's determination to use constructed value was supported by substantial evidence and in accordance with law. Defendant-Intervenors consider this issue to be a threshold issue to the appropriate CV profit rate because if Commerce used JESCO's home market sales for purposes of its dumping calculation, there would be no reason to use constructed value or determine the appropriate constructed value profit rate. That is, it is Defendant-Intervenors' position that Commerce's determination that JESCO was affiliated with its home market customer through the common control of the government of Saudi Arabia, such that JESCO's home market sales could not be used for purposes of the

---

appeal, U. S. Steel will request as part of its separate challenge in United States Steel Corp. v. United States, Court No. 14-232 that the Commission's termination of its investigation into OCTG from Saudi Arabia be declared not supported by substantial evidence and otherwise not in accordance with law and be remanded to the Commission for a final determination with respect to OCTG from Saudi Arabia.

3

dumping analysis and therefore Commerce resorted to constructed value, was unsupported by substantial evidence on the record and not in accordance with law.

**3.   Should further proceedings in this case be deferred pending consideration of another case before the court or any other tribunal and the reasons for such deferral?**

The parties are not aware of any reason that this case should be deferred pending consideration of another case before this Court or any other tribunal.

**4.   Should the court be aware of any other information at this time?**

There is no other information of which the Court should be aware at this time.

## PROPOSED BRIEFING SCHEDULE

After consultation pursuant to Rule 56.2, the parties agree upon and propose the following briefing schedule: (1) Plaintiffs' motions for judgment upon the agency record and briefs in support of such motions shall be filed on or before January 15, 2015; (2) Defendant's and Defendant-Intervenors' response briefs shall be filed on or before March 16, 2015; (3) Plaintiffs' reply briefs shall be filed on or before April 15, 2015; and (4) any requests for oral argument shall be filed on or before April 29, 2015.

A proposed order setting forth this briefing schedule is attached hereto.

        Respectfully submitted,

        s/ Roger B. Schagrin
        Roger B. Schagrin
        John W. Bohn
        Paul W. Jameson
        SCHAGRIN ASSOCIATES
        900 Seventh Street, NW.
        Suite 500
        Washington, DC 20001
        Tel. (202) 223-1700
        Fax (202) 429-2522
        rschagrin@schagrinassociates.com

        *Counsel for Plaintiffs*
        *Boomerang Tube LLC, Energex Tube, TMK*
November 5, 2014    *IPSCO, Welded Tube USA Inc.*

                    <u>s/ Jeffrey D. Gerrish</u>
                    Robert E. Lighthizer
                    Jeffrey D. Gerrish
                    Luke A. Meisner

                    SKADDEN ARPS SLATE MEAGHER &
                    FLOM LLP
                    1440 New York Avenue, NW
                    Washington, DC  20005
                    Tel. (202) 371-7000
                    Fax (202) 661-9181
                    jeffrey.gerrish@skadden.com

                    *Counsel for Plaintiff*
November 5, 2014          *United States Steel Corporation*

JOYCE R. BRANDA
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director


s/ Claudia Burke
CLAUDIA BURKE
Assistant Director


s/ L. Misha Preheim
L. MISHA PREHEIM
Senior Trial Counsel
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Benjamin Franklin Station
Washington, D.C. 20044
Tel. (202) 305-3087
Fax (202) 305-8640
Misha.Preheim@usdoj.gov

November 5, 2014                                        *Attorneys for Defendant*

|  |  |
|---|---|
| | s/ Nancy A. Noonan |
| | John M. Gurley |
| | Diana Dimitriuc-Quaia |
| | Keith F. Huffman |
| | Nancy A. Noonan |
| | Tina Termei |
| | |
| | Arent Fox LLP |
| | 1717 K Street, NW. |
| | Washington, DC 20036-5342 |
| | Tel. (202) 857-6301 |
| | Fax (202) 857-6395 |
| | john.gurley@arentfox.com |
| | |
| November 5, 2014 | *Counsel for Defendant-Intervenors* |
| | *Jubail Energy Services Company* |
| | *and Duferco SA* |

8

UNITED STATES COURT OF INTERNATIONAL TRADE
Before the Honorable Timothy C. Stanceu

| | |
|---|---|
| Boomerang Tube LLC et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> United States, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> Jubail Energy Services Company and ) <br> Duferco SA, ) <br> ) <br> Defendant-Intervenors. ) <br> ) | Consol. Court No. 14-00196 |

## SCHEDULING ORDER

Upon consideration of the Joint Status Report and Proposed Briefing Schedule filed in this case, it is hereby

ORDERED that the following schedule is established in this case:

1. Plaintiffs shall file their motions for judgment upon the agency record and briefs in support of such motions on or before January 15, 2015;

2. Defendant's and Defendant-Intervenors' response briefs shall be filed on or before March 16, 2015;

3. Plaintiffs shall file their reply briefs on or before April 15, 2015; and

4. Any requests for oral argument shall be filed on or before April 29, 2015.

SO ORDERED.

                                                                             Timothy C. Stanceu, Chief Judge

Dated: _____
       New York, New York