Slip Op. 17-112

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BOOMERANG TUBE LLC, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>and<br><br>JUBAIL ENERGY SERVICES CO. and DUFERCO SA,<br><br>        Defendant-Intervenors. | Before: Timothy C. Stanceu, Chief Judge<br><br>Consol. Court No. 14-00196 |

## JUDGMENT

Before the court is the mandate of the United States Court of Appeals for the Federal Circuit ("Court of Appeals") in *Boomerang Tube LLC v. United States*, 856 F.3d 908 (Fed. Cir. 2017) (*"Boomerang II"*). CAFC Mandate in Appeal Nos. 2016-1554 and 2016-1561 (June 29, 2017), ECF No. 175. In *Boomerang II*, the Court of Appeals vacated the judgment the court entered in favor of defendant United States in *Boomerang Tube LLC v. United States*, 39 CIT __, 125 F. Supp. 3d 1357 (2015) (*"Boomerang I"*).

In *Boomerang I*, a consolidated action, various plaintiffs contested a final negative less-than-fair-value determination the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department"), issued following an antidumping duty investigation on certain oil country tubular goods ("OCTG") from Saudi Arabia. In the final determination, Commerce determined a *de minimis* weighted-average dumping margin for the only investigated respondent and, accordingly, terminated the investigation without issuing an

antidumping duty order. *Boomerang I*, 39 CIT at __, 125 F. Supp. 3d at 1361. The sole investigated respondent was an entity consisting of Jubail Energy Services Co. ("JESCO"), a Saudi producer, and its affiliated exporter, Duferco SA; Commerce treated these two companies as a single respondent for purposes of the investigation. *Id.*, 39 CIT at __, 125 F. Supp. 3d at 1360.

In *Boomerang I*, this court ruled on two motions for judgment on the agency record, which were submitted under USCIT Rule 56.2 by U.S. producers of steel tube products that participated as petitioners in the antidumping duty investigation. One motion was made by United States Steel Corporation ("U.S. Steel"), the other by Boomerang Tube LLC, TMK IPSCO, Energex Tube, and Welded Tube USA Inc. Both motions were based on claims that Commerce, in calculating the normal value of the merchandise subject to investigation according to the constructed value ("CV") method, failed to determine constructed value profit according to a "reasonable method" as required by 19 U.S.C. § 1677b(e)(2)(B). *Id.*, 39 CIT at __, 125 F. Supp. 3d. at 1361. All plaintiffs argued that Commerce impermissibly based CV profit on the profit realized in certain of the sales transactions between JESCO and an affiliated distributor in Colombia. *Id.* Defendant and defendant-intervenors argued, *inter alia*, that plaintiffs had failed to exhaust their administrative remedies, having failed to raise certain arguments in their case briefs before Commerce during the investigation. *Id.*, 39 CIT at __, 125 F. Supp. 3d at 1361-63. Defendant and defendant-intervenors maintained that "petitioners were on notice that Commerce might rely on Duferco SA/JESCO's sales to Colombia to calculate CV profit because JESCO proposed in its case brief that Commerce use the Colombia sales to determine CV profit." *Id.*, 39 CIT at __, 125 F. Supp. 3d at 1362. *Boomerang I* rejected the arguments alleging a failure to exhaust, noting that Commerce did not base constructed value profit on the Colombia sales in the

preliminary less-than-fair-value determination, that the case and rebuttal briefs were due at Commerce in May 2014, and that it was not until the issuance of the final determination the following July that Commerce first indicated it might use Duferco SA/JESCO's sales to Colombia to calculate CV profit. *Id*. *Boomerang I* declined to require the petitioners to have predicted that Commerce might accept JESCO's proposal to use the Colombia sales for the profit calculation. *Id*. *Boomerang I* concluded that "petitioners did not have a full and fair opportunity during the investigation to challenge the Department's method of determining CV profit." *Id.*, 39 CIT at __, 125 F. Supp. 3d at 1362-63. The court then proceeded to consider the plaintiffs' claims on the merits. The court ultimately rejected these claims, denying the motions for judgment on the record and entering judgment in favor of the United States. *Id.*, 39 CIT at __, 125 F. Supp. 3d at 1363-70.

In *Boomerang II*, the Court of Appeals concluded that it was an abuse of discretion for the Court of International Trade to consider petitioners' arguments on the merits rather than to refuse to hear them on the ground of failure to exhaust administrative remedies and provided two reasons in support of its conclusion. *Boomerang II*, 856 F.3d at 913. "First, the decision is legally erroneous to the extent it stands for the proposition that Commerce must expressly notify interested parties any time it intends to change its methodology between its preliminary and final determinations, despite the inclusion of the relevant data in the record and the advancement of arguments related to that data before Commerce." *Id*. The Court of Appeals added that "[t]here is no support for such a requirement." *Id*. As the second reason, the Court of Appeals disagreed with the conclusion of the Court of International Trade that the petitioners did not have a full and fair opportunity to challenge the Department's method of determining CV profit, noting that "the data regarding JESCO's transactions with the affiliated distributor were in the record prior to

Commerce's preliminary determination." *Id.* "At that point, U.S. Steel and Boomerang either knew or should have known that Commerce may consider those data during its calculations, especially given that the basis of CV profit was at issue." *Id.*

The Court of Appeals concluded its opinion in *Boomerang II* by stating that "we vacate the Trade Court's decision and remand for proceedings in accordance with this opinion." *Id.* The vacated judgment in *Boomerang I* had ordered that both of the then-pending motions for judgment on the agency record be denied and that, pursuant to USCIT Rule 56.2(b), judgment be entered for defendant. Judgment (Dec. 17, 2015), ECF No. 155. The court concludes that the appropriate proceedings in accordance with the opinion in *Boomerang II* are that the court again deny the two Rule 56.2 motions and again enter judgment in favor of defendant United States. The vacated judgment, however, had been entered "in accordance with the court's Opinion in this action . . . ." *Id.* *Boomerang II* held that the opinion the court issued in *Boomerang I* erred in ruling on the merits rather than upon a failure to exhaust administrative remedies. *Boomerang II*, 856 F.3d at 913. Therefore, upon consideration of the opinion of the Court of Appeals in *Boomerang II*, and upon due deliberation, it is hereby

**ORDERED** that plaintiffs' motions for judgment on the agency record be, and hereby are, denied on the ground that plaintiffs failed to exhaust their administrative remedies; and it is further

**ORDERED** that, pursuant to USCIT Rule 56.2(b), judgment be, and hereby is, entered for defendant.

                                            /s/ Timothy C. Stanceu
                                            Timothy C. Stanceu
                                            Chief Judge

Dated: August 23, 2017
      New York, New York